## Hoy *vs.* Bramhall and others.

1. If a mortgagee, who holds a mortgage for $10,000 as collateral security for a note of the mortgagor for that amount, at the request of the mortgagor assigns the mortgage to a third person for $7500 in cash, credits this sum on the note, and retains the note, and the balance of $2500 is paid by the mortgagor, such mortgage, in the hands of the assignee, is a valid s·curity for $7500 only, as against subsequent encumbrancers at the time of the assignment. That is the only part of the debt for which it was given that remains unpaid.

2. A conveyance of part of mortgaged premises, "subject to the payment of all liens now on the same," does not create a personal obligation on the vendee to pay the mortgage, or any part of it; but it makes the part so

conveyed, as against the residue, subject to its proper proportion of the mortgage debt, and to that only.

3. A mortgagee, who holds a mortgage on two parcels, one of which is subject to a second encumbrance, will be compelled, first, to exhaust the s curity on which the second encumbrancer has no lien, or to subrogate the second encumbrancer to his claim on the parcel mortgaged only to him.

This cause was argued on final hearing, upon the pleadings and proofs.

*Mr. Ransom,* for complainant.

*Mr. I. W. Scudder,* for defendant.

THE CHANCELLOR.

M. B. Bramhall, being indebted to the Mechanics and Traders Bank of Jersey City, in the sum of $36,000, on the 18th of May, 1857, gave his bond, secured by mortgage, on eighteen lots in Hudson county, and payable July 1st, 1862, for $10,000, as collateral security for that amount of his debt. He also gave other collateral securities, which, from time to time, were given up by the bank, upon payments of portions of the debt, until February 19th, 1866, when the indebtedness of Bramhall to the bank was $10,000. On that day, the bank, at Bramhall's request, assigned the bond and mortgage to James Hoy, the complainant. The amount paid by him to the bank for the assignment was $7500. This amount the bank credited to Bramhall, and the remainder of his debt, being $2500, he afterwards paid the bank. The whole transaction was with the knowledge and assent of Bramhall, who owed Hoy a sum much greater than the whole amount of the mortgage. The bank assigned the whole mortgage debt to Hoy, who paid nothing but the $7500 on it. He neither paid Bramhall any money, nor credited him, nor agreed to credit him, anything on account of the debt owing by him.

Before this assignment, Bramhall, by three deeds, dated

on the 30th and 31st days of May, 1865, had conveyed eight of these eighteen lots to H. M. Kinne, with full covenants, stating them to be "subject, nevertheless, to the payment of all existing liens now on said premises." Kinne subsequently conveyed these lots to the defendant, James T. Worthington, who now holds the title. The deeds to Kinne and Worthington included ten lots not in the mortgage to the bank, and the conveyance to Kinne was intended as a mortgage, to secure to him the payment of $26,000, due from Bramhall to him.

After the assignment of the mortgage to him, Hoy, at Bramhall's request, had released from the mortgage five lots sold by Bramhall, and had received the whole of the consideration money, being $1550, which he has not credited on the mortgage debt, but claims the right to appropriate on the unsecured debt from Bramhall to him. Hoy knew, at the time he took the assignment of the mortgage, that the most part of the mortgaged premises had been disposed of by Bramhall.

The defendant, Worthington, contends, that to relieve the lots contained in his deed from the encumbrance of the Hoy mortgage, he has a right to have the other collaterals held by the bank accounted for, and a proper part applied to the payment of the mortgage to the bank; that the mortgage in the hands of the complainant can only be a lien for the sum actually advanced; and that he is entitled to have the $1550 received by Hoy credited on the mortgage, and to have any part of the mortgaged premises held by Bramhall, or sold by him after the deeds to Kinne, sold first, to pay the balance due on the complainant's mortgage.

There is no rule of law or equity that prevents a creditor, holding several collateral securities, from disposing of any of them, or returning any of them to the debtor, without the necessity of inquiring whether there are any claims on either of them by subsequent creditors; and such disposition or return will not affect the creditor's right to the security retained. In the case of a subsequent mortgage upon part of

Hoy v. Bramhall.

the mortgaged premises, a release of the part not mortgaged will not affect the priority of the mortgage on the other part, unless the mortgagee had actual notice, at the time of the release, of the existence of the subsequent mortgage; constructive notice from recording or registry, is not sufficient to postpone him.

In this case, the validity of the bank mortgage cannot be affected by any disposition of the other collaterals, as it is not alleged or shown that the officers of the bank knew or had any notice of the lien of the defendants. I do not mean to say that it would be affected with such knowledge.

This mortgage was given and held as collateral security for the debt of Bramhall to the bank. It was held in no sense as a pawn or pledge, and if the bank had sold it, they must have accounted to Bramhall for the face of the security, and not merely for the price received. Being held as collateral security, if that debt was paid by Bramhall the mortgage would be satisfied, and the defendant, Worthington, would hold free from the lien. Bramhall had paid all the debt, except $10,000, at the time of the transfer to Hoy, and has paid $2500 of the debt since. So the only amount unpaid to be recovered on this mortgage is $7500, and the interest on it. Hoy paid that sum for the assignment, and the bank credited it on Bramhall's note for $10,000, and, by agreement of all parties, retained Bramhall's note for the balance of $2500, which he afterwards paid. It is not necessary here to consider whether a good assignment of this mortgage, for the full amount mentioned in it, could not have been made by an agreement with Bramhall and the parties to the assignment, that Hoy should give the full amount, by paying to the bank $7500 in cash and crediting Bramhall $2500 on his unsecured indebtedness, the bank taking Bramhall's unsecured note for the balance. No such agreement was made. As it is, Bramhall has paid one-fourth of this debt, and he is now called on to pay the whole. If he had agreed to the transaction in this shape, it would be clearly usurious and void. A mortgagee may sell a mortgage

G *

at any price below its face, but if the sacrifice is paid by the mortgagor, and this is known to the assignee at the time, it is a mere cover for usury.

The mortgage in the hands of the complainant, as against Worthington, can only be a lien for $7500, with interest, the only part of the mortgage debt due at the date of the deed to Kinne now unpaid.

The clause in the deeds to Kinne, "subject to the payment of all liens now on said premises," cannot be construed into a covenant, to pay the liens. It is only a limitation of the covenants of warranty, and against encumbrances. The effect of such a deed is the same as that of a deed of bargain and sale of part of mortgaged premises; it makes the part conveyed, subject to its proper proportion of the encumbrances. The rule, that the part of mortgaged premises last conveyed must be first sold, only applies where the conveyances are by deeds, with warranty or covenants against encumbrances. And, in this case, the clause above mentioned expressly provides for the payment of liens by the lots conveyed to Kinne. Bramhall had the right and the power in conveying these lots, either absolutely, or by way of mortgage, to stipulate that they should bear their part of the bank mortgage claim, so as to relieve, to that extent, the lots retained by him, in order that he might have something wherewith to pay or secure his other creditors. With this express provision, Worthington's situation or equity is no stronger, because he is a mortgagee whom Bramhall is bound to pay out of any of his property. Worthington is entitled to have credited on the mortgage of the complainant, so much of the sum received by Hoy on the release of the five lots as is their proportionate share of that mortgage debt. The excess over that amount is the amount due to Bramhall, as the price of his equity of redemption in those lots, which he had a right to sell and appropriate.

It must be referred to a master to ascertain the value of the several parcels of the mortgaged premises held by the several defendants, and of the lots so released, and the amount

.·· ᴜ.·· ·he mortgage, that the p·· of t·· ·ortgage money ·· ·· ·· ᴜch owner may be pai ·y L· . ·r his premises ·,·· ᴜ···for.

The deed to Kinne, having been given as a mortgage, Worthington must be treated as a mortgagee. As his mortgage includes lots not in the complainant's mortgage, it is claimed that he must resort to those, before he can compel the complainant to credit any of the proceeds of the five lots released on this mortgage. The rule of equity in such case, will not require such mortgagee to file a cross-bill. When a mortgagee, having two securities to which to resort, proceeds against a subsequent encumbrancer having only one, he may, in certain cases, be compelled to exhaust, first, his remedy against the security on which he alone has a lien; but when he is proceeded against, there is no precedent, and there ought to be none, to preclude him from setting up his claim in the suit into which he is dragged ; but in such case the remedy, if any ought to be had, is by subrogating the party having but one security to the rights of the other in his second security, after his own debt is paid in full,